Rosa Blanca Martínez, represented by her mother Isabel Martínez, Plaintiff and Appellee, v. Juan Asencio-Segarra et al., Defendants and Appellants.

No. 3810. Argued March 8, 1926.—Decided May 28, 1926.

*Alemañy & Ramírez* and *Nazario & García Méndez* for the appellants.
*Ricardo del Toro Soler* and *José Sabater* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A motion to dismiss the present appeal was denied on December 16, 1925, for reasons stated in an opinion of the court delivered by Mr. Justice Aldrey.

A second motion was filed on February 23, 1926, upon the grounds, first, that no brief for appellants had been presented within the time prescribed by the rules of this court, nor within an extension of such period granted by this court, which extension expired on February 17, 1926, and, second, that the appeal itself was wholly frivolous and interposed solely for the purpose of delay and of obstructing justice.

The brief for appellants was filed on February 24th. An affidavit made by one of the attorneys for appellants may or may not justify the failure to file the brief within the extension allowed. It does not explain why a further extension was not requested before the expiration of the period already granted, nor why the brief was not filed until after the presentation of the motion to dismiss.

The assignment of errors specifies that—

"First.—The lower court erred in admitting in evidence the photograph of Juan Asencio Padilla offered by the complainant; in admitting in evidence the testimony of witness attorney Pedro Nelson Colberg and in admitting in evidence the testimony of Isabel Martínez, she being estopped by her own previous statements.

"Second.—The lower court erred in holding that Isabel Martínez and Juan Asencio Padilla lived in concub'nage at the time of the conception and birth of Rosa Blanca Martínez.

"Third.—The court erred in holding that the complainant was born on the 29th day of October, 1916, as alleged in the complaint.

"Fourth.—The court erred in holding that the complainant has enjoyed since her birth and enjoys at present the uninterrupted status of a natural daughter of Juan Asencio Padilla.

"Fifth.—The court erred in not holding that the complainant has enjoyed and enjoys at present the uninterrupted status of daughter of José María Ferrer, said status being established by direct acts of her father José María Ferrer."

██ Of the alleged error involved in the admission of the photograph, appellants are content to say that the photograph in question was not autographed nor accompanied by any envelope to show that the same had been received by mail, and that it would be easy for any one to obtain any photograph from a gallery or from a friend or from some other such source.

In the absence of any citation of authority or even a reference to any page or portion of the record, such a contention does not demand serious consideration.

The theory of the objections made to the admission of the testimony of Pedro Nelson Colberg was that the same involves privileged communications.

Colberg, as a notary public, drew a deed wherein Padilla conveyed to Antonio Sosa a house occupied by Isabel Martínez. Later, as attorney for Sosa, Colberg instituted unlawful detainer proceedings in order to evict the tenant. When objection was interposed to the admission of statements made by Sosa in a conversation with Padilla, this evidence was not admitted. The witness then testified that Padilla came to his office and authorized witness to offer Isabel Martínez twenty-five dollars to vacate the premises. This offer was made by witness and declined by the tenant with the statement that she preferred to be thrown out by the marshal. Thereafter Padilla authorized Colberg to tender the sum of fifty dollars, which amount was deposited by witness with the municipal judge who subsequently delivered the same to the recalcitrant tenant and took a receipt therefor. Upon handing Colberg the fifty dollars, Padilla by way of explanation said that the child, Rosa Blanca, was his daughter. He did not seek legal advice from Colberg

nor consult him in regard to either of the offers above mentioned. Colberg understood that he was acting throughout this proceeding as the attorney for Sosa and not as counsel for Padilla. In this he seems to have been correct. He made no charge for the services rendered as a go-between in effecting the transfer of the money as a means to the amicable eviction of the tenant. In so far as the said services were not performed on behalf of his client Sosa, Colberg regarded them as a mere personal favor to Padilla. Witness had also drawn certain contracts for Padilla some eight or ten months prior to the events last above mentioned, but he was not employed by Padilla in the unlawful detainer proceeding nor was Padilla in any way connected therewith save as above indicated.

When objection was made to an inquiry in regard to a subsequent consultation by Padilla with reference to a contemplated acknowledgment of the child, the objection was promptly sustained.

The theory of the third subdivision of the first specification contained in the assignment as restated in the course of argument is that Isabel Martínez was estopped by her statement recorded in the civil registry to the effect that Rosa Blanca was born in 1919. And that the said Isabel Martínez should not have been permitted to testify to a previous date as a witness on the stand. Here also no reference is made to the page of the transcript where such testimony is to be found.

Upon this point appellants are content to say that the instant case is distinguishable from *Camacho* v. *Balasquide,* 19 P.R.R. 564, in that herein Isabel Martínez denied having recorded the birth of the child in the civil registry.

Next, appellants say that the case at bar is identical with that of *Serrano* v. *Olivero,* 31 P.R.R. 78.

The conclusion seems to be that the judgment below should be reversed because Isabel Martínez also testified that

she had given birth to other children as a result of illicit relations with another man.

The bearing of such argument upon the question of estoppel as a ground for objection to the admission of testimony, if the same was in fact objected to on such a ground, is by no means self-evident.

We have examined the evidence in the light of the argument in support of the other questions raised by the assignment and find no reasonable probability of a reversal on the merits.

The motion of appellee will be granted and the appeal dismissed.